UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHRISTINA BROWN ET AL | CIVIL ACTION NO. 6:25-CV-00039 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| STATE NATIONAL INSURANCE CO INC ET AL | MAGISTRATE JUDGE DAVID J. AYO |

## REPORT AND RECOMMENDATION

Before this Court is a MOTION TO REMAND filed by Plaintiff Christina Brown and Plaintiffs Trenessa Brown and Davonus Handy on behalf of their minor children. (Rec. Doc. 10). Defendant State National Insurance Company Inc. filed an opposition (Rec. Doc. 12) to which Plaintiffs replied (Rec. Doc. 14). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that Plaintiffs' motion be GRANTED and that this suit be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana.

## Factual Background

This suit arises from a June 20, 2024 motor vehicle accident on the Evangeline Thruway in Lafayette Parish, Louisiana. (Rec. Doc. 1-2, ¶ 3). Christina Brown was travelling southbound in the right lane with two minor passengers when Asad Abdullah Mohamed, who was operating a tractor-trailer in the course and scope of his employment with Yopo Expedite, Inc., attempted to make a right turn from the middle lane and collided into Christina Brown's vehicle. (*Id.*). Christina Brown, as well as Trenessa Brown and Davonus Handy on behalf of their minor children who

were passengers, filed suit against Mohamed, Yopo, State National, and State Farm Mutual Automobile Insurance Company in the 15th Judicial District Court on July 24, 2023. (*Id.*, generally).

The suit alleges the accident was caused solely by Mohamed's negligence. Christina Brown seeks damages for past and future pain and suffering, past and future mental anguish, past and future medical expenses, and loss of enjoyment of life, vehicle, income and earning capacity. (*Id.* at ¶ 4). Trenessa Brown and Davonus Handy seek damages for past and future pain and suffering, past and future mental anguish, past and future medical and loss of enjoyment of life on behalf of their minor children. (*Id.* at ¶¶ 5, 6).

The state court record indicates that Plaintiffs requested service under the Louisiana Long Arm Statute (LA. STAT. ANN. § 13:3201, *et seq*.) as to Yopo and Mohamed on September 13, 2024 and September 30, 2024, respectively. (Rec. Doc. 12-4 at 13, 19). On October 15, 2024, Plaintiffs filed an Affidavit of Service by Long Arm Statute for service of the petition on Yopo. (Rec. Doc. 10-2). After several failed attempts at service on Mohamed,[1] on Plaintiffs' motion Judge Cynthia Spadoni issued an Order appointing Arthur Schafer as attorney to represent absentee defendant Mohamed pursuant to LA. CODE CIV. P. ANN. art. 5091 with personal service being made on Mohamed through Schafer on January 7, 2025. (Rec. Docs. 10-3, 10-4).

---

[1] Plaintiffs attempted to effect service of the original petition on Mohamed personally at the Minnesota address listed for Mohamed in the police report concerning the subject accident. (Rec. Doc. 12 at 2).

State National removed the case to this Court on January 10, 2025, claiming complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of costs and interest, and representing that "the only defendants that have been served with the Petition are State National Insurance Company, Inc. and State Farm Mutual Automobile Insurance Company." (Rec. Doc. 1). Following removal, Plaintiffs filed the instant Motion to Remand (Rec. Doc. 10) asserting that the removal was procedurally defective because State National did not obtain consent from either Yopo or Mohamed to remove.

Plaintiffs assert that under 28 U.S.C. § 1446(c), the deadline for all defendants to file their removal or consent to removal was February 6, 2025, 30 days after Mohamed was served. (*Id.* at §7). Thus, the failure to obtain consent from either Yopo or Mohamed before this time violated the "rule of unanimity" as set forth in 28 U.S.C. § 1446(b). *Id.* In response, State National asserts that Plaintiffs' motion should be denied because (1) the time for Mohamed to consent to the removal did not expire, and he submitted his written consent to the removal via email to Plaintiffs' counsel on February 26, 2025; (2) Yopo was not properly served with Plaintiffs' first amending petition such that State National did not need Yopo's consent prior to removing; and (3) State National may be retaining undersigned counsel's firm to represent Mohamed and Yopo.

## Law and Analysis

Federal courts are courts of limited jurisdiction possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial

3

decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal courts have subject matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and in which the parties are citizens of different states. 28 U.S.C. §§ 1331, 1332. A suit is presumed to lie beyond the scope of federal court jurisdiction until the party invoking the court's jurisdiction establishes otherwise. *Kokkonen*, 511 U.S. at 377. Similarly, any doubts regarding whether jurisdiction exists must be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The party invoking federal jurisdiction bears the burden of establishing such jurisdiction exists. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961). Where, as here, a suit is removed to federal court, the removing party bears the burden of establishing federal jurisdiction. *Shearer v. Southwest Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

A civil action brought in state court may be removed to federal court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). 28 U.S.C. § 1446(b)(2) and (3) provide:

> **(2)(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. **(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or

> summons described in paragraph (1) to file the notice of removal.
> **(C)** If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

According to the Fifth Circuit, this "rule of unanimity" requires that each served defendant join in the notice of removal or that there be a "timely filed written indication from each served defendant . . . that it has actually consented to such action." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). If the rule of unanimity is not met, the removal is procedurally defective. "District courts have no power to overlook procedural errors related to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice." *Grigsby v. Kansas City S. Ry. Co.*, 2012 WL 3526903, at *3 (W.D. La. Aug. 13, 2012) (citing *Spoon v. Fannin County*, 794 F. Supp. 2d 703 (E.D. Tex. 2011)).

Claiming that Mohamed did not have notice that this matter was removable until it received service of the amended petition on January 27, 2025—which affirmatively revealed that the amount in controversy exceeded $75,000—and relying on 28 U.S.C. § 1446(b)(3), State National asserts that each defendant has "thirty days calculated from their individual service date of the first amended petition to join the

5

removal, and this deadline did not pass for Mr. Mohamed or Yopo prior to the filing of this pleading." (Rec. Doc. 12 at 7). State National further states:

> Plaintiffs' original petition did not put any defendant on notice that the case was removable, but Plaintiffs amended their petition adding paragraph 16 to affirmatively reveal that the amount in controversy exceeds $75,000.00. The first amended petition was served on Mr. Mohamed through his appointed attorney Mr. Schafer on January 27, 2025, and he timely consented to the removal on February 26, 2025.

(*Id*.). State National further states that "there is no proof that Yopo has been properly served with Plaintiffs' first amending petition, so State National did not need Yopo's consent prior to filing the notice of removal" and that no consent is needed because State National may be retaining its counsel to represent Yopo and Mohamed. (Rec. Doc. 12 at 2).

   1. <u>Mohamed</u>

The consent on which State National relies is an email from Mohamed to counsel for State National stating: "Thank you for speaking with me today. During our phone call conversation, you confirmed that you consent to State National removing the case from the state court to the federal court. Please respond to this email confirming that is correct. Thank you." (Rec. Doc. 13). In response, Mohamed states, "Yes, I confirm." (*Id*.). This email was purportedly attached as Exhibit 5 to the opposition (Rec. Doc. 12) but is not filed in the exhibits to Record Document 12. It was actually filed on February 28, 2025 in Rec. Doc. 13 as an Exhibit to Rec. Doc. 12.

   In their reply, Plaintiffs argue that

6

> it is of no moment that Mr. Granier obtained Mr. Mohamed's alleged "consent" via email on February 26, 2025. This is because: (a) Mr. Mohamed was properly joined and served on January 7, 2025 with Plaintiff's Original Petition for Damages, and was served on January 27, 2025, with Plaintiff's First Amending Petition for Damages; and, (b) that email evidence was not filed with this Court until February 28, 2025, which is after the 30-day window for either of these applicable dates. Defense counsel's assertion that Mr. Mohamed "consented" on February 26, 2025, via email cannot be considered valid evidence of consent when it was filed two days later, after the 30-day window expired, and insufficient based on the jurisprudence cited above.

(Rec. Doc. 14 at 5).

The Fifth Circuit has explained that while only consent to removal is required, "a defendant must do so itself." *Getty Oil*, 841 F.2d at 1262, n.11. District courts in the Fifth Circuit consistently remand cases when the notice of removal merely alleges consent by a defendant that does not explicitly join in the removal. *Johnson v. Jessen*, 2022 WL 956306, at *3 (M.D. La. Mar. 14, 2022) (citing *McFarland v. Protective Ins. Co.*, 2019 WL 351150, at *2 (E.D. La. Jan. 29, 2019)). Furthermore, several district courts have explained that email correspondence alone is not enough to satisfy the requirement that a defendant must file evidence of its consent with the Court. *Allement v. Ameristep Corp.*, 2013 WL 12183655, at *5, n.15 (M.D. La. Dec. 30, 2013) (quoting *Grigsby, supra,* and *Mumfrey v. Anco Insulations, Inc.*, 2011 WL 1527180, at *4 (E. D. La. April 20, 2011) (noting that "[e]mails as proof of consent have not been accepted in other cases as sufficient notice.")). *But see Smith v. Nat'l Retail Props., Inc.*, 2016 WL 3912799, at *3 (S.D. Tex. July 20. 2016) (finding that a

7

particular email exchange was sufficient evidence of consent, and any doubt was cleared by the consenting party's participation in response to the motion to remand).

Regarding Mohamed, State National's argument in opposition is not persuasive. Email exchanges do not satisfy the requirement that a defendant must timely file evidence of its consent. *See Mumfrey, supra* ("Emails as proof of consent have not been accepted in other cases as sufficient notice."). Instead, the "dispositive factor" is what the court did *not* receive from the non-removing party—a timely filed written indication from the non-removing defendant "itself" on which the court could "bind the allegedly consenting defendant." *Spoon v. Fannin County,* 794 F. Supp. 2d 703, 706–707 (E.D. Tex. 2011) (quoting *Getty Oil*). The email dated February 26, 2025 but filed February 28, 2025 does not constitute timely filing of consent to removal.

2. <u>Yopo</u>

State National's Notice of Removal clearly states that "[t]he only defendants that have been served with the Petition are State National Insurance Company, Inc. and State Farm Mutual Automobile Insurance Company." (Rec. Doc 1 at §9). State National attached portions of the state court record to its notice, but it failed to attach the Plaintiffs' Affidavit of Service by Louisiana Long-Arm Statute of the Original Petition on Yopo filed on October 15, 2024 and the return verifying that Yopo was properly joined and served with Plaintiffs' Original Petition. (Rec. Doc. 1, 10-2, 12-5). The affidavit and return were attached by State National in its opposition to the motion to remand wherein State National urges that it "mistakenly omitted pleadings from the State Court record when it filed the Notice of Removal on behalf

8

of State National." (Rec. Doc. 12 at 7). Regardless of whether Yopo was served with Plaintiffs' amending petition, the record is clear that Yopo was served with the petition before the Notice of Removal was filed and their consent for removal was required. In addition, Yopo was served with Plaintiffs' First Amending Petition on February 3, 2025 (Rec. Doc 14-1), and there is still no evidence of consent to removal in the record.

## Conclusion

Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008). District courts have no power to overlook procedural errors related to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice. *Spoon, supra*. Regardless of whether State National's counsel intended to represent Mohamed and Yopo at some point, both Mohamed and Yopo failed to join in the Notice of Removal and failed to timely file their written consent to removal. Therefore, State National's Notice of Removal was defective, and remand is required. *Garner v. Hyken,* 2011 WL 1002098 (E.D. La. Mar. 18, 2011); *Rhyne v. Mager,* 2012 WL 1123753 (W.D. La. April 2, 2012).

For the reasons discussed herein, the Court recommends that Plaintiffs' MOTION FOR REMAND (Rec. Doc. 10) be GRANTED and, accordingly, this suit be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana, on this 17th day of September, 2025.

_____
David J. Ayo
United States Magistrate Judge